FILED

NOT FOR PUBLICATION

NOV 17 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30026 |
| Plaintiff - Appellant, | D.C. No. 2:09-cr-06039-WFN-2 |
| v. | |
| HUGO ALBERTO MEDINA-HERNANDEZ, AKA Hugo Medina-Hernandez, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, Senior District Judge, Presiding

Argued and Submitted November 2, 2010
Seattle, Washington

Before: B. FLETCHER, FERNANDEZ and BYBEE, Circuit Judges.

After stopping a car driven by Hugo Medina-Hernandez ("Medina"),

narcotics officers eventually discovered cocaine in clear plastic bags near Medina's

groin area. The district court granted Medina's motion to suppress, holding, inter

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

alia, that (1) the officers lacked reasonable suspicion to frisk Medina; (2) Medina was arrested at the moment he exited the vehicle; and (3) the officers lacked probable cause to arrest and search Medina. The government appeals and we reverse.[1]

First, Trooper Kiel properly frisked Medina immediately after stopping Medina's vehicle. Before frisking Medina, an objective officer in Trooper Kiel's position knew that Medina was driving a car in which Ochoa was a passenger; that Medina had been seen in Ochoa's presence on numerous occasions; that the officers had probable cause to search and arrest Ochoa for drug trafficking; and that Ochoa had previously been arrested while in possession of a firearm. Additionally, at the time of the frisk, Trooper Kiel was outnumbered two to one. Under these circumstances, Medina's frisk was proper. *See United States v. Davis,* 530 F.3d 1069, 1082–83 (9th Cir. 2008) (holding that reasonable concerns for officer safety may justify a frisk); *United States v. Vaughan*, 718 F.2d 332, 334–36 (9th Cir. 1983) (holding that officers may briefly detain and frisk the companion of

---

[1]As a preliminary matter, we note that the legality of the stop is not an issue in this appeal. The district court found that Medina's stop was justified because the officers had probable cause to arrest Medina's passenger, Juan Ochoa-Vasquez ("Ochoa"), for drug trafficking. We thus assume, without deciding, that the officers had probable cause to arrest Ochoa.

suspected drug dealers when the officers have probable cause to arrest the suspected drug dealers on drug charges).

Second, Medina was not under arrest at the moment he exited the vehicle. Although the officers intended to arrest Medina when they stopped him, a reasonable person in Medina's position at the moment Medina exited the vehicle would have felt free to leave after brief questioning. *See United States v. Delgadillo-Velasquez*, 856 F.2d 1292, 1295–96 (9th Cir. 1988). As explained above, the frisk of Medina after he exited the vehicle was a permissible officer safety measure and, therefore, did not constitute an arrest. Additionally, Medina's handcuffing did not transform the stop into an arrest. After frisking Medina, Trooper Kiel felt an unidentified object concealed in Medina's groin area. When asked what the object was, Medina replied he had no idea what Trooper Kiel was talking about. Under these circumstances, Trooper Kiel was justified in handcuffing Medina for officer safety and this action did not escalate the safety-related detainment into an impermissible arrest. *See United States v. Buffington*, 815 F.2d 1292, 1300 (9th Cir. 1987) ("The use of force during a stop does not convert the stop into an arrest if it occurs under circumstances justifying fears for personal safety."); *see also United States v. Taylor*, 716 F.2d 701, 709 (9th Cir. 1983) (noting that "the use of handcuffs, if reasonably necessary, while

3

substantially aggravating the intrusiveness of an investigatory stop, do not necessarily convert a *Terry* stop into an arrest necessitating probable cause"). However, Medina was under arrest when Agent Zidak read Medina his Miranda rights and searched him; at this point, no reasonable person would have felt free to leave after brief questioning.

Third, Medina's arrest and search were supported by probable cause. Before arresting and searching Medina, Agent Zidak knew that Medina was in the company of Ochoa, a suspected drug dealer; that Medina had a bulge in his groin area; that when asked what the bulge was, Medina replied he did not know what Trooper Kiel was talking about; that Ochoa had a similar bulge in his groin area; and that upon searching Ochoa, Agent Zidak removed 13 clear plastic bags of suspected cocaine from Ochoa's groin area. We hold that these facts were sufficient in themselves to warrant a person of reasonable caution in the belief that Medina, like Ochoa, was concealing drugs in his underpants. *See Beck v. Ohio*, 379 U.S. 89, 91 (1964) (stating the probable cause standard).

The order suppressing the cocaine discovered on Medina's person is **REVERSED** and the case is **REMANDED** to the district court for further proceedings.